IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 2:16cr8 |
| | ) | |
| EDUARDO BUENO, | ) | |
| | ) | |
| Defendant. | ) | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, by and through its attorneys, Dana J. Boente, United States Attorney, and Elizabeth M. Yusi, Assistant United States Attorney, offers this position paper regarding the sentencing factors stated in 18 U.S.C. § 3553(a). The government has no objection to the content of the PSR. According to the PSR, the correct advisory calculation under the United States Sentencing Guidelines (U.S.S.G. or Guidelines) is 360 to 480 months'[1] imprisonment. Based on the nature of the offense, the defendant's history and characteristics as a repeat sex offender against children, and related conduct, the United States asks the Court to impose the maximum sentence of imprisonment of 480 months and lifetime supervised release. In support of its position, the government states as follows:

---

[1] The high end of the Guidelines range is restricted to 480 months because the statutory maximum sentence defendant can receive is 40 years' imprisonment for Distribution of Child Pornography, in violation of 18 U.S.C. § 2252. Without this restriction, HOMAN's Guidelines would recommend life imprisonment.

## I. BACKGROUND

On February 12, 2016, defendant EDUARDO BUENO (defendant or BUENO) pleaded guilty before this Court to one count of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252.[2]  The Court is scheduled to sentence the defendant on May 11, 2016.

On or about October 16, 2015, Google Inc. (Google) became aware that images depicting minors engaging in sexually explicit conduct were being saved to a certain Google user's storage account.  The identified user account was associated with the e-mail account "elrapidito88@gmail.com."  Google forwarded the information to the National Center for Missing and Exploited Children (NCMEC).  NCMEC was able to tie that information to a previous report of child exploitation with the same e-mail account.  Google also provided that the user of the "elrapidito88@gmail.com" account provided additional information when he registered for the account, including that his name was Eduardo BUENO.

Additional research indicated the account was registered to Eduardo BUENO, a registered sex offender residing in Portsmouth, Virginia.  BUENO was convicted in Massachusetts in 1998 of sexually assaulting a 6 year old girl over a period of two years.  He was again convicted of sexual assault of a child under 14 years old in 2001 in Massachusetts.  These convictions constitute prior convictions under a State law relating to the sexual abuse of a minor, as contemplated by 18 U.S.C. § 2252(b)(1).

According to NCMEC tipline report #6813709, the identified account associated with "elrapidito88@gmail.com" account had uploaded three files of images of minors engaging in

---

[2] The penalties for a defendant with a prior sex conviction who is convicted of violating 18 U.S.C. § 2252(a)(2) is a mandatory minimum of fifteen (15) years' imprisonment and the maximum is forty (40) years' imprisonment.

sexually explicit conduct between November 14, 2014, and January 11, 2015.  In another NCMEC tipline report, the user identified account associated with "elrapidito88@gmail.com" had uploaded an image of minors engaging in sexually explicit conduct to an e-mail on October 6, 2015.  The account used was accessed by using a Cox IP address of 24.254.198.95.

On November 6, 2015, Cox communications responded to a subpoena for the information related to the subscriber of the IP address 24.254.198.95.  Cox responded that the Internet account was associated with a rental unit where BUENO was residing in Portsmouth, Virginia.  The records also indicated the account was activated on September 17, 2015.

On November 19, 2015, Homeland Security Investigations (HSI) applied for and received a search warrant from the U.S. District Court for the Eastern District of Virginia for the contents of the elrapidito88@gmail.com e-mail account.  The search warrant was issued to Google via fax that same day.  HSI received the contents of the e-mail account and discovered numerous additional e-mail accounts from which the user of the elrapidito88@gmail.com account received and distributed images of minors engaging in sexually explicit conduct.  A majority of the images of minors engaging in sexually explicit conduct was sent and received via e-mail attachments during 2014 and early 2015.  Then, the elrapidito88@gmail.com user moved to providing images of minors engaging in sexually explicit conduct images and videos via Google+ (or Google Plus) "communities."  Also contained in the account were e-mails discussing the trading of images of minors engaging in sexually explicit conduct and their wish to sexually abuse children.  In many e-mails, the senders address the user of elrapidito88@gmail.com as "Eduardo."  BUENO also sent non-pornographic images of minor girls who he was related to and friends of the relatives, and bragged about sexually abusing these girls.  HSI confirmed that BUENO did have access to these girls at an overnight birthday party.

On January 4, 2016, HSI, with the aid of other law enforcement, executed the search warrant at BUENO's residence in Portsmouth. After being administered his *Miranda* rights, BUENO spoke with HSI. He admitted to the activity involving the trading of images of minors engaging in sexually explicit conduct and stated he used his cellular phone for the activity. HSI seized BUENO's phone. An analysis of BUENO's cellular phone confirmed that BUENO used the device to trade and store images of minors engaging in sexually explicit conduct.

During another interview of BUENO, he admitted to "peeking" at girls' panties while they played in a park. He stated he struggles not to look at minor girls when he finds them attractive and he tried to avoid being alone with a six year-old relative girl. The six year old informed her mother that BUENO touched her genitals and put "his thing" on her genitals.

NCMEC maintains a database of child pornography images and corresponding child victims who have been previously identified by law enforcement. Each set of images with known victims is designated as a series. The images found on the defendant's computer and computer equipment were sent to NCMEC. Thereafter, NCMEC provided a report indicating that the defendant's computer media contained approximately 88 images and 61 video files from 71 different known series of child pornography. Some of those known victims have provided impact statements, which were provided to the Court through the Probation office.

## II. STANDARDS GOVERNING SENTENCING

In three recent opinions, the Supreme Court pronounced a new sentencing regime. In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Sentencing Guidelines purely advisory, but emphasized that a sentencing court must consider both the Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision. *Id.* at 264. The Supreme Court reaffirmed this principle in *United States v. Kimbrough*, 552 U.S. 85 (2007),

emphasizing that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Id.* at 90. Finally, in *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court instructed that the sentencing court should calculate the Sentencing Guideline range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the Section 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Id.* at 49-50. The *Gall* Court further instructed that, in the event that the sentencing court decides to impose a variance sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (noting that a "major departure should be supported by a more significant justification than a minor one.")

Applying these standards, the Fourth Circuit has concluded that a sentencing court must: " (1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the Section 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence." *United States v. Simmons*, 269 Fed. App'x 272 at *1 (4th Cir. 2008) (*citing United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007)).

### III. FACTORS UNDER 18 U.S.C. § 3553(a)

Under 18 U.S.C. § 3553(a), when imposing a sentence, the Court should consider (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the need for the sentence imposed to promote the goals of sentencing, (4) the kinds of sentences available, (5) the sentencing guideline range, (6) any pertinent policy statement issued by the Sentencing Commission, (7) the need to avoid unwarranted sentence disparities among

5

defendants with similar records who have been found guilty of similar conduct, and (8) the need to provide restitution to any victims of the offense.

**A.  Nature and Circumstances of the Offense and Defendant's History and Characteristics**

The nature of the charge to which the defendant has pleaded guilty, distribution of images of minors engaging in sexually explicit conduct, in and of itself calls for a substantial term of imprisonment. Further, the circumstances surrounding BUENO's offense conduct support an even harsher penalty than the minimum calls for due to the fact that he had been a serial child molester since at least 1998. BUENO twisted his relationship with these children to satisfy his own perverted sexual desires. He traded images of these girls and bragged to other pedophiles about his sexual abuse of these girls, prodded his friends online to molest other girls, and received accolades for his own abuse of children. The government requests a severe term of imprisonment for BUENO so that he may never have the opportunity to groom and abuse minors again, including by trading the images online. The government believes the exceptional facts and circumstances of this case warrant a maximum sentence of incarceration, which would be 480 months.

**B.  Defendant's Criminal History**

As oppose to the normal first time offenders this Court typically sees, BUENO is well known to the legal system. He had numerous drug convictions, several failure to register convictions, and two other convictions for sexually abusing young girls. Yet, BUENO was still out of jail and free to continue his sexual abuse of children both online and real life. His criminal history is telling as to his lifelong aptitude for violence against children, as well as his complete disregard for what is lawful.

### C. Need to Deter Future Criminal Conduct and to Protect the Public

Defendant's sentence needs to accomplish the twin goals of deterring the defendant from engaging in future criminal conduct and to protect the public. As discussed herein and in the PSR, BUENO has a disturbing history of sexually abusing minors, along with not adhering to his probation terms and responsibility to register as a sex offender. The government avers that, if given the opportunity, the likelihood that BUENO will return to this predatory behavior in the future is strong, if not guaranteed. He is a menace and if he is in society, children are not safe. Due to the seriousness of the offenses, as set forth above, adequate punishment, deterrence and protection of the public all call for a severe sentence of imprisonment. 18 U.S.C. § 3553(a)(2).

### D. Need to Provide Treatment to Defendant

Due to the nature and duration of the defendant's crimes, defendant should be ordered to participate in a sex offender treatment program while incarcerated.

### E. Need to Avoid Unwarranted Sentencing Disparities

BUENO's crimes, history and characteristics, along with his actions related to the crimes of conviction, all support a severe sentence of imprisonment. As such, the need to avoid unwarranted sentence disparities clearly weighs in favor of a severe Guidelines sentence and would support a sentence of 480 months. 18 U.S.C. § 3553(a)(6).

## IV. CONCLUSION

The government agrees that the PSR's Guidelines calculations are correct. For the reasons stated above, the government asks the Court to impose the maximum sentence of imprisonment.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By:       /s/
    Elizabeth M. Yusi
    Attorney for the United States
    Assistant United States Attorney
    Office of the United States Attorney
    101 West Main Street, Suite 8000
    Norfolk, Virginia 23510
    Tel. - 757-441-6331
    Fax - 757-441-6689
    Email – elizabeth.yusi@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of May, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Suzanne V. Suher Katchmar, Esq.
Attorney for Defendant

I further certify that on the 4th day of May, 2016, I e-mailed the foregoing document to the following:

Jason Cole
Senior U.S. Probation Officer

/s/
Elizabeth M. Yusi
Assistant United States Attorney
Attorney for the United States
United States Attorney=s Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone Number - 757-441- 6331
Facsimile Number - 757-441-6689
E-mail Address – elizabeth.yusi@usdoj.gov