IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 2:16cr8 |
| | ) | |
| EDUARDO BUENO, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

COMES NOW the Defendant, Eduardo Bueno ("Mr. Bueno"), by counsel, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.2 of *the Sentencing Guidelines and Policy Statements* as well as this Court's Sentencing Order, and hereby represents that the Defendant has reviewed the Probation Office's Pre-Sentence Report ("PSR") and Addendum. There is one unresolved objection to the PSR, but it does not affect the calculation of the advisory guidelines. The defendant also states his position with respect to sentencing factors.

Mr. Bueno is before this Court for sentencing after entering a plea of guilty on February 12, 2016, pursuant to the terms of a written plea agreement, to Count Six of the Indictment, in violation of Title 18, United States Code, section 2252(a)(2). Sentencing is set for May 11, 2016.

The PSR calculates Mr. Bueno's advisory guideline range at 360 months to 480 months, as restricted by the statutory maximum. Mr. Bueno respectfully asks this Honorable Court to impose a sentence that complies with the statutory mandate to impose a sentence that is "sufficient, but not greater than necessary" to accomplish the goals of sentencing. *See* 18 U.S.C. § 3553(a).

### Objection

1. <u>Paragraph 15</u>. The defense objects to the allegations contained in this paragraph. This objection does not effect the advisory guideline range and the defense is not seeking a ruling from

the Court on this objection. Rather, this objection is being made in the event authorities institute criminal charges against Mr. Bueno for the conduct described in this paragraph. Defense counsel's concern is that a failure to object could be construed as a tacit admission by Mr. Bueno.

## **The Appropriate Sentence in this Case**

The Sentencing Guidelines are no longer mandatory. *United States v. Booker*, 543 U.S. 220, 260-61 (2005). Since *Booker*, the Supreme Court has consistently and significantly broadened the range of choices in sentencing dictated by the facts of the case. *See Gall v. United States*, 128 S. Ct. 586, 602 (2007); *see also Kimbrough v. United States*, 128 S. Ct. 570 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007); and *Cunningham v. California*, 127 S. Ct. 856, 867 (2007). These cases–*Booker, Gall, Kimbrough, Rita*, and *Cunningham*–"mean that the district court is free to make its own reasonable application of the § 3553(a) factors, and to reject (after due consideration) the advice of the Guidelines." *Kimbrough*, 128 S. Ct. at 577 (Scalia, J., concurring). The district court "may not presume that the Guidelines range is reasonable," but must "make an individualized assessment based on the facts presented." *Gall*, 128 S. Ct. at 597.

Despite requiring sentencing courts to consider the advisory guidelines as one factor, Congress has required federal courts to impose the least amount of imprisonment necessary to accomplish the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." This requirement is not just another factor to be considered along with the others set forth in Section 3553(a)–it sets an independent limit upon the sentence.

Mr. Bueno is subject to a statutory minimum prison sentence of 180 months. Mr. Bueno requests that this Court find that a sentence of 240 months is sufficient, but not greater than necessary.

### Nature and Circumstances of the Offense

The nature and circumstances of the offense are sufficiently set forth in the "offense conduct" section of the PSR. Mr. Bueno admitted his guilt, pled guilty, and accepted responsibility for his conduct. He is remorseful for his criminal conduct that had so negatively impacted the lives of those around him and himself.

Mr. Bueno's crime of distribution of child pornography is serious, and it is not disputed. To his credit, Mr. Bueno recognizes that he has a serious problem, knows what he did was wrong, and that there is something wrong with him. He hopes to receive sex offender treatment and counseling while in prison.

### The History and Characteristics of Eduardo Bueno

Born in New York, New York, Mr. Bueno, now 42 years old, suffered the death of his mother from leukemia when he was four years old. Mr. Bueno, along with his sister, moved into their maternal grandparents home soon after, because his father moved frequently for work. Admittedly, Mr. Bueno's grandparents spoiled their male grandchild. During his adolescence, Mr. Bueno briefly moved in with his father, but the two did not get along, even now disagreeing as to why. Mr. Bueno subsequently moved to live with a maternal aunt in Massachusetts, where he lived for several years. PSR ¶¶ 72- 74.

Around the time Mr. Bueno lived with his father, school became less of a priority, and finally, Mr. Bueno ended his academic career in junior high. It was not until 2004, that he continued

his education, obtaining a General Educational Development certificate while incarcerated. PSR¶ 85. While there is some reference in the PSR regarding alleged drug dealing as a teenager, there is no other indication that such was actually the case; in fact, Mr. Bueno had no contact with law enforcement as a juvenile.

Mr. Bueno has three children, mostly maintaining contact with his oldest son, who was the product of a youthful relationship. Soon after at 22 years of age, Mr. Bueno married for the only time in his life, but the marriage failed in 1996.

In 1998, Mr. Bueno became involved with the criminal justice system, suffering his first conviction of a sexual nature. PSR ¶¶ 76, 37. Unfortunately, over the next several years, Mr. Bueno remained involved with the criminal justice system.

As set forth in paragraphs 87 through 99, 2016, Mr. Bueno has been able to find employment, predominantly as a cook. This is a strong vocational skill that appears to pay well enough for Mr. Bueno to live independently. Although he has his cooking skills, Mr. Bueno welcomes additional education and skills.

Fortunately, he is in good physical health. Given the nature of this offense, treatment will be required. Ideally, there will be a mental health component, so that a root of the issue may be identified, explored, and controlled in order to promote his re-entry into society.

### The Kinds of Sentences Available

Mr. Bueno's offense of conviction carries a statutory range of punishment of 15 to 40 years imprisonment. The mandatory minimum sentence of 15 years imprisonment is due to his prior convictions set forth in the PSR and charged in the Indictment. Mr. Bueno is not eligible for probation or home confinement, and he can only serve his time with incarceration in the Bureau of

Prisons. He understands that the mandatory minimum is 180 months, and he asks the Court to impose no more than the 240 months.

Mr. Bueno faces 5 years up to lifetime supervised release once he is released from the Bureau of Prisons, and he anticipates that the Court will impose lifetime supervision. He has been in custody for these charges since January 5, 2016. Upon release, he will be returning to a world which most likely will be vastly different from the world we live in at this time. Specifically, the technology that is used in everyday life now will have progressed even further. Currently, most potential employers utilize internet-based applications. The personal computer has graduated to being a tablet in many homes. Further, many, if not a majority, of homes no longer have a "land line" for telephone communication; instead, personal smart phones have taken its place. Understanding general terms related to technology and use of the internet must be a condition of his supervision, Mr. Bueno requests that this Court not impose specific terms of supervision relating to technology at this time, allowing that to be determined at the time of release when supervision begins.

## The Sentence Recommended by the Sentencing Guidelines

Mr. Bueno's resulting advisory guideline range is 360 to 480 months, restricted. However, due to the mandatory minimum, the minimum sentence is l80 months. *Id.* Mr. Bueno submits that 240 results in a sentence that is sufficient, but not greater than necessary, to comply with the sentencing purposes of § 3553(a).

Mr. Bueno anticipates that the Government will request 480 months due to the advisory guideline calculations, the criminal history of Mr. Bueno, and the facts of this matter. However, Mr. Bueno submits that the enhanced penalty to which Mr. Bueno pleaded guilty takes his prior relevant

convictions into consideration.

Additionally, the advisory guidelines in this matter contain at least two enhancements - those for use of a computer and material of a sadistic/masochistic nature - that are applied in almost all child pornography cases that come before this Court. Without those enhancements, the resulting guidelines would be reduced by six offense levels, to an advisory range of 324-405 months, or an offense level of 36, after acceptance of responsibility. Such a range falls within the potential penalties for the offense, but still remains greater than necessary for this matter.

Mr. Bueno was arrested on a Criminal Complaint January 5, 2016, and indicted by a federal grand jury on January 20, 2016. After his arraignment on January 27, 2016, Mr. Bueno provided quick notice that he wished to enter a guilty plea, doing so on February 12, 2016. By pleading guilty, it is anticipated that the Government will recommend the additional, third point for acceptance of responsibility. Mr. Bueno submits that the request for a maximum sentence is inconsistent with such a recommendation.

Mr. Bueno respectfully requests that the Court impose a sentence less than 480 months, and he submits that 240 months provides a sentence that is sufficient, but not greater than necessary.

**Reflecting The Seriousness Of The Offense, Promoting Respect For The Law, Providing Just Punishment, Deterrence & Protecting The Public From Mr. Bueno**

Mr. Bueno must continue to register as a sex offender, with the publication of that information to the community, his friends, and his neighbors. As several courts have recognized, collateral consequences of conviction, such as registration as a sex offender, are relevant to the "need" for the sentence imposed to reflect just punishment. *See, e.g.*, *United States v. Garate*, 543 F.3d 1026, 1028 (8th Cir. 2008) (on remand from the Supreme Court for reconsideration in light of

*Gall*, overruling its prior holding that it was inappropriate for the district court to consider the lasting effects of being required to register as a sex offender); *United States v. Pauley*, 511 F.3d 468, 474-75 (4th Cir. 2007) (in a case involving a conviction for possession of child pornography after *Gall*, affirming the district court's finding that the defendant "warranted a lower sentence because he lost his teaching certificate and his state pension as a result of his conduct," because "[c]onsideration of these facts is consistent with § 3553(a)'s directive that the sentence reflect the need for just punishment," *id.* § 3553(a)(2)(A), and "adequate deterrence," *id.* § 3553(a)(2)(B)).

Mr. Bueno is extremely remorseful, and has accepted responsibility for his actions. Mr. Bueno is aware of the consequences of his actions, and the negative impact it has caused. Not only must he work on himself, but throughout this process, Mr. Bueno will have to work on regaining the trust of the few who continue to support him.

**Needed Educational/Vocational Training, Medical Care and Correctional Treatment**

First and foremost, Mr. Bueno hopes to receive the appropriate treatment and counseling for sex offenders while incarcerated. While mental health/sex offender treatment and counseling is available in the Bureau of Prisons, such treatment is also available in a non-custodial setting and will be required upon Mr. Bueno's release from incarceration - no matter *what* the term of his imprisonment. Thus, this sentencing factor does not necessarily lead to a longer prison term. He is willing to attend counseling and treatment that will remain available for him upon his release from prison.

As set forth in the PSR, Mr. Bueno dropped out of school when he was in junior high; however, he obtained a General Educational Development certificate in 2004. PSR ¶ 85. While he has always maintained employment, he knows that additional education would benefit him

greatly. He hopes that he will be released from confinement one day, as prepared as possible to become a contributing member of society.

Finally, PSR establishes that Mr. Bueno has had a substance abuse problem for some time. Additionally, Mr. Bueno admitted that he was abusing cocaine base daily after work by the beginning of 2016. The abuse is corroborated by the multiple drug-related convictions. Due to the lack of any substantive substance abuse treatment in the past, Mr. Bueno requests that this Court recommend he receive such treatment while in the Bureau of Prisons. PSR ¶¶ 83-84.

## Need to Avoid Unwarranted Sentence Disparity

The Court must consider the need to avoid unwarranted disparities among defendants with similar criminal histories convicted of similar criminal conduct. 18 U.S.C. § 3553(a)(6). The court should avoid unwarranted similarities in sentencing among defendants who are different in ways not accounted for in the guideline range. *See Gall*, 552 U.S. at 55 ("need to avoid unwarranted *similarities* among other co-conspirators who were not similarly situated"). A sentence of 240 months, given his history and characteristics, and other sentencing factors, avoids unwarranted sentencing disparities and serves the mandate of § 3553(a) to impose a sentence sufficient, but not greater than necessary to punish for Mr. Bueno's conduct.

## CONCLUSION

Mr. Bueno respectfully requests that this Court give consideration to the foregoing factors and find that a sentence of 240 months would be sufficient, but not greater than necessary, to fulfill the purposes of the sentencing.

Respectfully submitted,

EDUARADO BUENO

By:         /s/
      Suzanne V. Suher Katchmar
      Virginia State Bar No. 37387
      Attorney for Eduardo Bueno
      Office of the Federal Public Defender
      150 Boush Street, Suite 403
      Norfolk, Virginia 23510
      Telephone:   (757) 457-0890
      Facsimile:    (757) 457-0880
      suzanne_katchmar@fd.org

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of May, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to:

    Elizabeth M. Yusi
    Assistant United States Attorney
    United States Attorney's Office
    101 West Main Street, Suite 8000
    Norfolk, Virginia 23510
    elizabeth.yusi@usdoj.gov

I further certify that I have served the following document to the non-filing user by electronic mail:

    Jason D. Cole
    Senior United States Probation Officer
    600 Granby Street, Suite 200
    Norfolk, Virginia 23510

    By:     /s/
    Suzanne V. Suher Katchmar
    Virginia State Bar No. 37387
    Attorney for Eduardo Bueno
    Office of the Federal Public Defender
    150 Boush Street, Suite 403
    Norfolk, Virginia 23510
    Telephone:   (757) 457-0890
    Facsimile:    (757) 457-0880
    suzanne_katchmar@fd.org