UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

  v.           CRIMINAL NO. 2:16-cr-08

EDUARDO BUENO,

    Defendant.

## OPINION AND ORDER

  This matter comes before the court on Defendant's "Motion to
Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) and Section 403
of the First Step Act of 2018[] with the Intervening Law and Rule
in the Categorical Approach," ECF No. 71 ("Motion"),[1] which the
court has construed as a motion for compassionate release, see ECF
No. 82 at 1 n.2 (Order). The court also considers Defendant's Ex
Parte Motion for Appointment of Counsel, filed under seal on
October 21, 2025. ECF No. 92. For reasons explained below, both
motions are DENIED.

---

[1] Defendant's Motion was filed on March 4, 2025, and was
subject to defect for lack of service on the United States Attorney
at Norfolk in accordance with Federal Rule of Criminal Procedure
49(a). See ECF No. 73 (Order Striking Pleadings). Defendant
corrected this defect by filing a standalone Certificate of Service
on March 24, 2025. ECF No. 79.

# I. PROCEDURAL HISTORY

## A. Background

At the outset of this criminal case, Defendant resided in Portsmouth, Virginia. ECF No. 23 ¶ 2 (Statement of Facts). Defendant had been convicted twice in 2001 for Indecent Assault and Battery on a Child under the Age of Fourteen (14), in violation of Chapter 265, Section 13B, of the laws of Massachusetts. Id.[2] Because of these convictions, Defendant was required to register as a sex offender, though Defendant failed at times to do so. ECF No. 27 ¶¶ 49, 51 (Presentence Investigation Report, hereinafter "PSR"). Defendant also had numerous other criminal convictions including, inter alia, possession of stolen property, assault and battery – domestic, issuing bad checks, carrying a dangerous weapon, and distribution of cocaine. Id. ¶¶ 38, 40, 42, 43, 45.

In October 2015, Google became aware that child pornography was being saved to a Google user's storage account. ECF No. 23 ¶ 1. The storage account was associated with the email

---

[2] These convictions constitute a "prior conviction" under a state law relating to the sexual abuse of a minor, as contemplated by 18 U.S.C. § 2252(b)(1). ECF No. 23 ¶ 2; United States v. Dullea, 296 F. App'x 733, 735-36 (11th Cir. 2008); see United States v. Hardin, 998 F.3d 582, 587-88 (4th Cir. 2021); see also Commonwealth v. Vazquez, 839 N.E.2d 343, 346 (Mass. App. Ct. 2005) ("To establish a violation of G.L. c. 265, § 13B, the Commonwealth was required to prove beyond a reasonable doubt that the defendant committed an intentional, unprivileged, and indecent touching of a child." (citation omitted)).

"elrapidito88@gmail.com" (the "Email Account"). Id. Google forwarded this information to the National Center for Missing and Exploited Children ("NCMEC"), which tied the information to a previous report of child exploitation linked to the same Email Account. Id. Google determined that the user of the Email Account provided additional information when he registered for the account, including that the user's name was Eduardo Bueno. Id. Many emails sent to the Email Account addressed the recipient as "Eduardo." Id. ¶ 8.

According to NCMEC report #6813709, the Email Account user uploaded three (3) files of images of minors engaging in sexually explicit conduct between November 14, 2014, and January 11, 2015. Id. ¶ 3. According to NCMEC report #6752734, the user also uploaded an image of minors engaging in sexually explicit conduct on October 6, 2015. Id. ¶ 4. The account was accessed by Cox Communications ("Cox") IP address 24.254.198.95. Id. On November 6, 2015, Cox responded to a subpoena related to the subscriber of that IP address. Id. ¶ 5. Cox reported that the account had been activated on September 17, 2015, and was associated with a rental unit in Portsmouth, Virginia, where Defendant resided. Id.

On November 19, 2015, Homeland Security Investigations ("HSI") applied for and was granted a search warrant from the United States District Court for the Eastern District of Virginia

3

for the contents of the Email Account. Id. ¶ 6. On December 3, 2015, HSI received the contents of the Email Account and discovered numerous additional email accounts from which the Email Account received and distributed child pornography. Id. ¶ 7. Most of the child pornography was sent and received by email attachment during 2014 and early 2015. Id. HSI also discovered that the user shared child pornography via Google+ communities. Id. The Email Account also contained email exchanges discussing trading of child pornography and the sexual abuse of children. Id.; ECF No. 27 ¶ 8. In one exchange, the user described his intent to sexually abuse "little girls in the pool" at the user's daughter's upcoming birthday party. ECF No. 27 ¶ 8. In subsequent emails, the Email Account user and an email recipient discussed photos that appeared to have been taken at Defendant's daughter's birthday party. Id. The user boasted to the recipient that he had fondled the genitalia of an underage girl depicted in the pictures while she slept. Id. The user also implied that he abused another girl in the photos when tickling her. Id.

On January 5, 2016, HSI and other law enforcement executed a search warrant at Defendant's residence and an arrest warrant for Defendant. ECF No. 23 ¶ 9. After being read his Miranda rights, Defendant admitted to using his cellular phone to trade and store child pornography. Id. ¶ 9. HSI consequently seized Defendant's cellular phone, analysis of which confirmed that Defendant used it

to trade and store child pornography. Id. ¶ 10. Defendant also submitted to a polygraph exam on that date, and following the test, Defendant admitted that during an excursion to the park with his daughter, he attempted to "peek" at young girls' panties while they played. ECF No. 27 ¶¶ 12, 14. Defendant added that he struggled not to look at girls in public when he found them attractive. Id. ¶ 14.

The United States' forensic examination of Defendant's various electronic media revealed that Defendant possessed five hundred and ten (510) images and seven hundred and three (703) videos of child pornography. Id. ¶ 7.[3] The majority of these images and videos depicted prepubescent girls engaged in sexual activity with adult men. Id. ¶¶ 10, 11. The images and videos were exceptionally graphic and included depictions of bondage, bestiality, or sadomasochistic activity. Id. ¶ 7, 10, 11. One such visual depiction, a video titled "dghjg.mp4," depicted a prepubescent female and adult male engaging in sexual intercourse. ECF No. 23 ¶ 12. Other examples depicted sexual abuse of a female infant and the violent rape of a female toddler. ECF No. 27 ¶¶ 10(f), 11(d).

---

[3] Applying United States Sentencing Guidelines ("USSG") § 2G2.2(b)(7), Defendant was attributed 53,235 images of child pornography at sentencing. See ECF No. 27 ¶ 7.

An eight-count Indictment was returned on January 20, 2016. ECF No. 14. The Indictment charged Defendant with seven (7) counts of Distribution of Images of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and 2256(1), (2), and one (1) count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2256(1) and (2). Id.

On February 12, 2016, Defendant pleaded guilty to Count 6 of the Indictment, which charged Defendant with Distribution of Images of Minors Engaging in Sexually Explicit Conduct in violation of 18 U.S.C. §§ 2252(a)(2) and 2256(1), (2). ECF Nos. 14 at 7, 22 at 1 (Plea Agreement). On May 31, 2016, the court adjudged Defendant guilty and sentenced him to four hundred eighty (480) months of imprisonment. ECF No. 37 at 1-2 (Judgment). The court also imposed a life term of supervised release, with special conditions, upon Defendant's release from imprisonment. Id. at 3-5. Finally, the court ordered that Defendant would pay one thousand dollars ($1000) of restitution to the victims of his offense. Id. at 6-7; see ECF No. 35 (Restitution Order). Defendant had knowingly waived his right to appeal his conviction and sentence as part of the Plea Agreement, ECF No. 22 at 3-4, and no appeal was filed.

On November 21, 2016, Defendant filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 44, and accompanying Memorandum in Support,

6

ECF No. 45. On January 17, 2017, the court denied Defendant's § 2255 motion on the merits and declined to issue a certificate of appealability. ECF No. 48 (Opinion and Final Order). Defendant appealed from the denial, ECF No. 50 (Notice of Appeal), but the Fourth Circuit declined to issue a certificate of appealability and dismissed Defendant's appeal, United States v. Bueno, 694 F. App'x 158, 159 (4th Cir. 2017). The Supreme Court denied Defendant's petition for writ of certiorari on May 30, 2018. Bueno v. United States, 584 U.S. 1008 (2018).

On July 1, 2019, the United States Court of Appeals for the Fourth Circuit denied Defendant's motion under 28 U.S.C. § 2244 seeking an order authorizing this court to consider a second or successive motion under 28 U.S.C. § 2255. ECF No. 60. Subsequently, on November 16, 2021, Defendant filed a "Motion Pursuant to All Writs Act 28 U.S.C. § 1651(a)," ECF No. 67, which the court denied as an unauthorized second or successive motion under 28 U.S.C. § 2255(h), ECF No. 68 at 5 (Order). The court advised Defendant he could appeal the denial, id., but no notice of appeal was filed. However, on February 22, 2022, the Fourth Circuit denied another motion by Defendant seeking an order authorizing this court to consider a second or successive motion under § 2255. ECF No. 70.

### B. Motion for Compassionate Release

On March 4, 2025, Defendant filed the instant Motion, seeking a reduction in his four hundred eighty (480) month sentence to a sentence of sixty (60) to two hundred forty (240) months, ECF No. 71,[4] together with a Motion for Appointment of Counsel, ECF No. 72.[5] Defendant claims that extraordinary and compelling reasons warrant such a reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Id. at 10-23. Defendant also argues that sentencing factors under 18 U.S.C. § 3553(a) support a sentence reduction. Id. at 23-27. Defendant also appears to request that he be resentenced. Id. at 27-30.[6]

Defendant's Motion initially included three (3) exhibits labeled A through C. Exhibit A consists of a letter dated April 7, 2024, and submitted August 15, 2024, from Defendant to the Warden

---

[4] See supra note 1 and accompanying text.

[5] Defendant's Motion for Appointment of Counsel was filed subject to defect for failure to serve the United States Attorney. See ECF No. 74 (Order Striking Pleadings). Defendant corrected this defect on March 24, 2025. ECF No. 80.

[6] At the conclusion of his Motion, Defendant requested (1) that he be transported to the Eastern District of Virginia; (2) that the court hold a hearing before ruling on the Motion; and (3) that an updated presentence investigation report be rendered. ECF No. 71 at 30. The court declines to order preparation of a new presentence investigation report or to order Defendant's transport to this district. Further, the court declines to hold a hearing on the Motion, as relevant facts and legal contentions are adequately presented in the materials before the court.

of his facility, United States Penitentiary Tucson, requesting that the Warden bring a motion on Defendant's behalf pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 71-1. Exhibit B consists of thirty-five (35) certificates of completion of various Bureau of Prisons ("BOP") educational courses. ECF No. 71-2. Exhibit C consists of legislative history concerning the passage of the First Step Act of 2018. ECF No. 71-3.

On March 18, 2025, Defendant filed a "Motion to Amend Compassionate Release," in which Defendant asked that the court consider two (2) character letters, ECF Nos. 75, 76, as additional exhibits to the Motion. ECF No. 77.[7] The first letter is from Amy Collazo, Defendant's sister. ECF No. 71-5. The second letter is from Shelby Figueroa, Defendant's niece. ECF No. 71-6. Both letters request a reduction in Defendant's sentence on the basis of his character and his rehabilitation while in federal custody. On April 25, 2025, the court issued an Order granting Defendant's Motion to Amend Compassionate Release, to the extent of adding the two (2) character letters as exhibits to his Motion. ECF No. 82. The court accordingly considers the character letters as exhibits to the Motion. Id. at 2; see ECF Nos. 71-5, 71-6.

---

[7] Defendant's Motion to Amend Compassionate Release was filed subject to defect for failure to serve the United States Attorney. See ECF No. 78 (Order Striking Pleadings). Defendant corrected this defect on April 10, 2025. ECF No. 81.

On July 8, 2025, the United States filed an Opposition to Defendant's Motion. ECF No. 87 ("Opposition"). On August 26, 2025, Defendant filed a motion seeking sixty (60) days leave to file a Reply to the Opposition. ECF No. 89 (Motion). On September 2, 2025, the court granted Defendant leave to file a Reply on or before October 31, 2025, ECF No. 90, and Defendant's Reply was filed on October 23, 2025, ECF No. 93.

The Reply included three (3) exhibits, labeled A through C by Defendant. Exhibits A and B were filed under seal.[8] Exhibit A consists of state court documents concerning Defendant's prosecution in Massachusetts for Indecent Assault and Battery on a Child Under the Age of Fourteen (14).[9] ECF No. 93-1. Exhibit B consists of Defendant's Individualized Needs Plan with the BOP. ECF No. 93-2. Finally, Exhibit C consists of an email exchange between Defendant and a Sex Offender Management Program Coordinator within the BOP. ECF No. 93-3. When Defendant filed his Reply, ECF No. 93, Defendant also filed under seal an Ex Parte Motion for Appointment of Counsel. ECF No. 92.

---

[8] While the contents of these documents may contain sensitive and personal information, the general nature and the fact of the documents themselves do not. The United States received full copies of these documents. See ECF No. 93 at 16 (Certificate of Service).

[9] See supra note 2 and accompanying text.

10

## II. EX PARTE MOTION FOR APPOINTMENT OF COUNSEL

The court denied Defendant's first Motion for Appointment of Counsel, ECF No. 72, in its Order of April 25, 2025, ECF No. 82. Defendant renews his request for the appointment of counsel on the basis that the instant proceedings are "complex" and because he needs the assistance of counsel to "fully develop and present" his claim for compassionate release. Id. ¶¶ 3-4. Further, Defendant claims appointment of counsel is warranted because (1) Defendant is indigent; (2) conditions at his facility have inhibited his ability to present his claim; and (3) because counsel will assist with the speedy resolution of his claim. Id. ¶¶ 6-8. Defendant has made no showing as to why his Motion for Appointment of Counsel should be considered ex parte or kept under seal. In lieu of requiring Defendant to serve the United States, the court **DIRECTS** the Clerk to lift the seal on Defendant's Motion for Appointment of Counsel, ECF No. 92, and to forward a copy to the United States Attorney at Norfolk.

The court remains unpersuaded that appointment of counsel is warranted at this juncture. It is well settled that there is no constitutional right to counsel in proceedings pursuant to 18 U.S.C. § 3582(c)(1)(A). United States v. Fleming, 5 F.4th 189, 193 (4th Cir. 2021) (collecting cases). Rather, it is within the court's discretion to appoint counsel in "some exceptional cases." United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000).

11

A motion for a sentence reduction generally does not fall within this category of cases. See, e.g., id.; United States v. Cropper, No. 2:13-cr-27, 2021 WL 7710790, at *3 n.3 (E.D. Va. Sept. 7, 2021) (Doumar, J.) (declining to appoint counsel on compassionate release motion absent showing of "exceptional circumstances").

Here, Defendant does not present exceptional circumstances warranting appointment of counsel. Defendant asserts a straightforward claim for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which does not require specialized legal expertise or other particular skills.[10] Defendant's Motion and Reply present coherent arguments for compassionate release, complete with legal citations and documentary evidence, underscoring Defendant's capacity to present his claim. See, e.g., ECF No. 71 at 12-13. Insofar as prison conditions inhibited Defendant's ability to present his claim, Defendant's extensive use of citations and documentary evidence demonstrate that Defendant had sufficient access to legal and other resources. Finally, appointment of counsel is not needed to assist resolution of this matter, as relevant facts and legal contentions are adequately presented in the materials before the court.

---

[10] The United States' argument concerning the validity of USSG § 1B1.13(b)(6) does pose complex questions concerning the constitutional separation of powers. See ECF No. 87 at 7-12. However, it is unnecessary for the court to reach this argument in resolving Defendant's Motion, and the court does not address it. See infra notes 13, 14, 15 and accompanying text.

Accordingly, Defendant's Motion for Appointment of Counsel, ECF No. 92, is **DENIED**.

### III. EXHAUSTION

The court may modify a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before the court may consider such a motion, however, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must have been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. § 3582(c)(1)(A). The Fourth Circuit has clarified that defendants may satisfy this exhaustion requirement by "wait[ing] 30 days from the date of their initial request to file a motion in the district court," even if the warden has already responded to their request. United States v. Muhammad, 16 F.4th 126, 131 (4th Cir. 2021). The Fourth Circuit further clarified that the exhaustion requirement "is a non-jurisdictional claim-processing rule," and therefore "may be waived or forfeited." Id. at 130 (citation omitted).

On August 15, 2024, Defendant submitted a request for compassionate release to the warden of his BOP facility. ECF No. 71-1. Because more than thirty (30) days have elapsed since Defendant submitted the request, the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is satisfied. The United States does not

13

contest that Defendant has satisfied this requirement. See ECF No. 87 at 6 n.3. Accordingly, the court proceeds to the merits of Defendant's Motion.

### IV. MERITS

Ordinarily, district courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), provides an "exception" to this rule. United States v. Centeno-Morales, 90 F.4th 274, 278 (4th Cir. 2024). Under that statute, the court may, "upon motion of the defendant . . . reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A).

Evaluating a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is a "two-step analysis." Centeno-Morales, 90 F.4th at 279. First, the court must determine if the prisoner has shown "extraordinary and compelling reasons" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The prisoner bears the burden of demonstrating extraordinary and compelling reasons. United States v. Freeman, 617 F. Supp. 3d 386, 389 (E.D. Va. 2022) (Smith, J.), aff'd, 2023 WL 4797316 (4th Cir. July 27, 2023). Second, the court must consider "the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable," and it may only grant the motion if those factors "favor release." United States v. Malone, 57 F.4th 167, 173 (4th Cir. 2023) (citing 18 U.S.C. § 3582).

14

The court may only reduce a prisoner's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); see Concepcion v. United States, 597 U.S. 481, 495 (2022) (holding that Congress "expressly cabined" district courts' discretion to grant compassionate release motions by "requiring courts to abide by the Sentencing Commission's policy statements").[11]

## A. Extraordinary and Compelling Reasons

Defendant's Motion appears to argue that extraordinary and compelling reasons exist because: (1) he received an unusually long sentence; (2) his sentence is excessively long or harsh in violation of 18 U.S.C. § 3553(a) and the Eighth Amendment to the United States Constitution; (3) the court applied a "fatally flawed" sentencing guideline when imposing Defendant's sentence or otherwise misapplied the Sentencing Guidelines; (4) the court failed to properly weigh the sentencing factors when imposing Defendant's sentence and imposed a sentence that was longer than necessary; and (5) Defendant has undergone significant

---

[11] In November 2023, the United States Sentencing Commission issued a revised policy statement directing that district courts cannot reduce a prisoner's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) unless the court first determined that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" USSG § 1B1.13(a)(2).

rehabilitation. See ECF No. 71 at 16-17, 27. Defendant's Reply, in turn, appears to argue that extraordinary and compelling reasons exist because the court (1) incorrectly applied offense level adjustments at sentencing, ECF No. 93 at 7-10; and (2) incorrectly calculated Defendant's criminal history category at sentencing, id. at 10-11. For the reasons explained below, Defendant has not met his burden of establishing extraordinary and compelling reasons.

1. Unusually Long Sentence

Defendant's Motion argues that he received an unusually long sentence for "non-violent," hands-off sex offenses, which was "grossly disproportionate to other sentences in the Eastern District of Virginia and to sentences for similar offenses in the district and nationally." ECF No. 71 at 17.[12] Defendant's Reply clarifies that he invokes USSG § 1B1.13(b)(6) in seeking to establish extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 93 at 6. The Sentencing Guidelines provide:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity

---

[12] The court notes that in applying the 18 U.S.C. § 3553(a) sentencing factors, the court rejects that Defendant's sentence is excessively long. See infra Section IV.B.

> between the sentence being served and the sentence
> likely to be imposed at the time the motion is filed,
> and after full consideration of the defendant's
> individualized circumstances.

USSG § 1B1.13(b)(6).

First, considering the circumstances, Defendant has barely served ten (10) years of his four hundred and eighty (480) month sentence of imprisonment. He was sentenced on May 31, 2016, ECF Nos. 34 (Sentencing Minutes), 37 (Judgment), after having been detained in custody since his arrest on January 5, 2016, see ECF Nos. 8 (Initial Appearance Minutes), 10 (Order of Temporary Detention), 12 (Arraignment/Detention Minutes), 13 (Order of Detention).

Second, and critically, neither the Motion nor the Reply identify any relevant change in law for the court to consider.[13] Nor does Defendant make any showing of how such a change in the law would "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion

---

[13] Defendant's Motion cites various cases outside the Fourth Circuit, some predating Defendant's Judgment, where courts of appeal overturned a sentence on direct appeal, as well as various cases where district courts granted a motion brought under 18 U.S.C. § 3582(c)(1)(A). See, e.g., ECF No. 71 at 12-13. On review, none of the cases cited by Defendant reflect the facts of this case or relevant changes in law. Accordingly, the court deems that Defendant's citations are inapposite and do not reflect a relevant "change in the law" for the purposes of USSG § 1B1.13(b)(6).

is filed[.]" USSG § 1B1.13(b)(6).[14] The court is unaware of any change in the law that could produce such a disparity if applied to the facts of this case. Accordingly, Defendant has failed to establish a basis for relief under the terms of USSG § 1B1.13(b)(6).[15]

2. Excessively Long or Harsh Sentence

Defendant argues that his four hundred eighty (480) month term of imprisonment and life term of supervised release amount to an excessively long or harsh life sentence in violation of the Eighth Amendment and 18 U.S.C. § 3553(a). See, e.g., ECF No. 71

---

[14] Defendant claims that if he was sentenced today under his statutes of conviction, 18 U.S.C. §§ 2252(a)(2), 2256(1), (2), he would face a statutory minimum sentence of sixty (60) months and a statutory maximum sentence of two hundred and forty (240) months. ECF No. 71 at 23-24. In fact, if sentenced today, Defendant's convictions in Massachusetts for Indecent Assault and Battery on a Child Under the Age of Fourteen (14) would still subject him to a statutory minimum sentence of one hundred eighty (180) months and a statutory maximum sentence of four hundred and eighty (480) months under 18 U.S.C. § 2252(b)(1). See supra note 2 and accompanying text; ECF No. 27 at 26. Defendant has made no showing as to why he would no longer be sentenced in accordance with 18 U.S.C. § 2252(b)(1), and the court is unaware of any such reason.

[15] The United States' Response argues that the United States Sentencing Commission exceeded its congressionally delegated authority in promulgating USSG § 1B1.13(b)(6), and consequently the provision serves as an invalid basis for the court to find "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 87 at 7-12. The court does not address this argument. Assuming that USSG § 1B1.13(b)(6) permits the court to consider a "change in the law" in finding extraordinary and compelling reasons, Defendant has not pleaded a basis for a finding of extraordinary and compelling reasons pursuant to the terms of § 1B1.13(b)(6).

at 12-13, 16-22.[16] Defendant accordingly appears to seek resentencing. ECF No. 71 at 27-30.

Defendant's argument and his request for resentencing amount to a successive collateral attack on Defendant's sentence. See ECF Nos. 44, 67; see also 28 U.S.C. § 2255(a). A collateral attack is improperly raised in a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022) ("Because § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements."). The compassionate release statute "provides a mechanism for a district court to 'modify' an existing sentence, rather than impose a new sentence." Id. at 267 (emphasis in original) (citing Dillon v. United States, 560 U.S. 817, 825 (2010)). Granting Defendant's Motion on the basis of arguments challenging the validity of Defendant's sentence "would have the practical effect of correcting a purportedly illegal sentence, a remedy that is exclusively within the province of [28 U.S.C. § 2255]." Id. at 272. Accordingly, the court declines to consider Defendant's argument that his sentence was excessively long or harsh in violation of the Eighth Amendment and 18 U.S.C. § 3353(a)

---

[16] See supra note 12 and accompanying text.

as grounds for a finding of extraordinary and compelling reasons. Ferguson, 55 F.4th at 270.

### 3. Application of Flawed Sentencing Guideline at Sentencing

Both Defendant's Motion and Reply argue that the court applied a flawed sentencing guideline or otherwise misapplied the Sentencing Guidelines in rendering Defendant's four hundred and eighty (480) month sentence. ECF Nos. 71 at 17, 20-22, 93 at 9-10. This argument amounts to a successive collateral attack on his sentence. See United States v. Davis, 99 F.4th 647, 657 (4th Cir. 2024) (reasoning that a defendant "attack[s] the validity of his sentence" through a compassionate release motion if he "claim[s] that a mistake was made during his original sentencing, and, as a result of that mistake, the sentence imposed was too long"). The court accordingly declines to consider this argument as grounds for a finding of extraordinary and compelling reasons. See Ferguson, 55 F.4th at 270.

### 4. Misapplication of Sentencing Factors

Defendant argues that the court failed to properly weigh the sentencing factors when it originally imposed Defendant's sentence and consequently imposed a sentence that was too long. ECF No. 71 at 17, 22. This argument amounts to a successive collateral attack on his sentence, see Davis, 99 F.4th at 657, which the court declines to consider as grounds for a finding of extraordinary and compelling reasons, see Ferguson, 55 F.4th at 270.

5. <u>Rehabilitation</u>

Defendant's Motion and Reply argue that his substantial post-conviction rehabilitation warrant a finding of extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 71 at 13, 93 at 12. Rehabilitation alone cannot be an extraordinary and compelling reason for a reduction in sentence; however, it can be cause for relief when considered in conjunction with other extraordinary and compelling reasons. <u>Davis</u>, 99 F.4th at 658-59; <u>see</u> 28 U.S.C. 994(t). Here, Defendant does not articulate an extraordinary and compelling reason for a reduction in sentence based on rehabilitation when paired with other factors.

The court commends Defendant for his efforts at rehabilitation. The court considers the fact that Defendant has no history of disciplinary infractions with the BOP, <u>see</u> ECF No. 93 at 13, as well as Defendant's employment and participation in numerous post-sentencing rehabilitation programs, <u>see</u> <u>id.</u>; ECF No. 71-2. The court also considers Defendant's character letters, ECF Nos. 71-5, 71-6, as well as Defendant's own statements concerning his rehabilitation, <u>see, e.g.</u>, ECF No. 93 at 13. But Defendant's rehabilitation is not "extraordinary and compelling," when considered alone, and Defendant has failed to establish any other basis for a finding of extraordinary and compelling reasons. <u>Davis</u>, 99 F.4th at 658-59; <u>see</u> <u>United States v. Logan</u>, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are <u>supposed</u> to follow the

21

rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary." (emphasis in original)). Accordingly, Defendant's rehabilitation does not constitute an extraordinary and compelling reason justifying sentence reduction.

6. <u>Improper Offense Level Adjustments</u>

Defendant's Reply argues that the court incorrectly applied offense level adjustments at sentencing. ECF No. 93 at 7-10. Defendant lodged similar arguments in his first habeas petition. <u>See</u> ECF No. 45 at 21, 30, 34, 36. Defendant's arguments concerning purportedly erroneous offense level adjustments therefore amount to a successive collateral attack on his sentence, <u>see</u> <u>Davis</u>, 99 F.4th at 657, which the court declines to consider as grounds for a finding of extraordinary and compelling reasons, <u>see</u> <u>Ferguson</u>, 55 F.4th at 270.

7. <u>Improper Criminal History Category Calculation</u>

Defendant's Reply argues that the court incorrectly calculated Defendant's criminal history category at sentencing. ECF No. 93 at 10-11. This argument is one for direct appeal or, at least, amounts to a successive collateral attack on his sentence, <u>see</u> <u>Davis</u>, 99 F.4th at 657, which the court declines to consider as grounds for a finding of extraordinary and compelling reasons, <u>see</u> <u>Ferguson</u>, 55 F.4th at 270.

## B. Sentencing Factors

Because Defendant has not provided an extraordinary and compelling reason justifying relief, the court need not address the 18 U.S.C. § 3553(a) sentencing factors. See, e.g., United States v. Venable, No. 1:21-cr-39, 2025 WL 950396, at *4 n.3 (E.D. Va. Mar. 28, 2025) (Nachmanoff, J.); United States v. Barnhart, 704 F. Supp. 3d 679, 687 n.3 (W.D. Va. 2023) (Urbanski, J.) (citing Malone, 57 F.4th at 174). However, the court will briefly address these factors to underscore why Defendant's four hundred eighty (480) month term of imprisonment and life term of supervised release remain "sufficient, but not greater than necessary" to achieve the purposes of sentencing. 18 U.S.C. § 3553(a).

The "nature and circumstances" of Defendant's offense conduct are extremely serious. Id. § 3553(a)(1). Defendant was engaged in the trading and distribution of child pornography over the internet. ECF No. 23 ¶¶ 7-14. Defendant was found to possess five hundred and ten (510) images and seven hundred three (703) videos of child pornography. ECF No. 27 ¶ 7. Some of the child pornography in Defendant's electronic media depicted the violent sexual abuse and rape of prepubescent girls, including depictions of bondage, bestiality, and sadomasochistic activity. Id. ¶¶ 7, 10, 11. Further, in communications incidental to Defendant's trading and distribution of child pornography, Defendant bragged

23

about sexually abusing prepubescent girls. Id. ¶ 8. These facts weigh heavily against a reduction in Defendant's sentence.

Given the seriousness of Defendant's offense, the court continues to conclude that the statutory maximum sentence of four hundred eighty (480) months and life term of supervised release is no greater than necessary to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Moreover, Defendant's sentence is no greater than necessary to "afford adequate deterrence to criminal conduct." Id. § 3553(a)(2)(B).

The court rejects Defendant's assertion that his sentence "is too much" because he "NEVER TOUCHED any of the victims depicted in the images or videos." ECF No. 71 at 25 (emphasis in original). The Fourth Circuit has noted that "children featured in child pornography are harmed by the continuing dissemination and possession of that pornography." United States v. Burgess, 684 F.3d 445, 459 (4th Cir. 2012). Such harm is "concrete and devastating," as "[i]n a sense, every viewing of child pornography is a repetition of the victim's abuse." Paroline v. United States, 572 U.S. 434, 457 (2014); see ECF No. 28-1 (Victim Impact Statements). As previously described in this Opinion and Order,[17] Defendant traded and possessed prolific quantities of child

---

[17] See supra note 3 and accompanying text.

pornography, which included depictions of female infants, toddlers, and prepubescent girls being molested, raped, and forced into sadomasochistic activity. See ECF No. 27 ¶¶ 10, 11. Defendant's distribution of these materials on the internet served to perpetuate extreme harms against children. A reduction in Defendant's sentence would therefore fail to reflect the gravity of his offense, promote respect for the law, punish Defendant's harm to minor victims, and deter others from perpetrating similar harm. 18 U.S.C. § 3553(a)(2)(A), (B).

The court turns next to Defendant's "history and characteristics." Id. § 3553(a)(1). Defendant was convicted in 2001 for two (2) counts of hands-on child sexual abuse against a very young victim in Massachusetts. ECF No. 23 ¶ 2.[18] Defendant's PSR also reflects many non-sex offenses. See, e.g., ECF No. 27 ¶¶ 40, 42, 43, 45. As to his characteristics, Defendant is a repeat child sex offender who has a continued sexual interest in children and a stated inability to control himself around young girls. Id. ¶ 14. Defendant's history and characteristics therefore weigh heavily against a reduced sentence.

A sentence reduction would also run counter to the court's obligation "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). While the court considers

---

[18] See supra note 2 and accompanying text.

the character reference letters submitted by Defendant's family, ECF Nos. 71-5, 71-6, and commends Defendant's efforts at rehabilitation as previously discussed in this Opinion and Order,[19] Defendant's rehabilitation cannot outweigh the gravity of his past conduct. In light of Defendant's history of hands-on child abuse and other crimes, the prolific quantity and extreme character of the child pornography he distributed and possessed, as well as Defendant's stated inability to control himself around young girls, the court concludes that Defendant's release before expiration of his sentence as originally imposed would subject the public to an unacceptable risk of additional crimes by Defendant, including further sex crimes with minor victims.[20]

The court next examines "the kinds of sentences available" and "the sentencing range established for" Defendant's offense. 18 U.S.C. §§ 3553(a)(3), (4). As previously noted, Defendant is subject to a statutory minimum sentence of fifteen (15) years and a statutory maximum sentence of forty (40) years under

---

[19] See supra Section IV.A.5.

[20] Because the court concludes that Defendant has failed to establish extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and that the sentencing factors weigh against a sentence reduction, the court does not proceed to determine whether Defendant remains "a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g). USSG § 1B1.13(a)(2); see supra note 11 and accompanying text.

18 U.S.C. § 2252(b)(1).[21] Meanwhile, Defendant's criminal history score of VI and offense level of 42 correspond to the Sentencing Guideline range of three hundred and sixty (360) months to life. ECF No. 27 at 26; USSG Ch.5, Pt.A. Defendant seeks to reduce his sentence to "5-20 years," ECF No. 71 at 23, which would constitute an impermissible downward variance from the Guidelines range under 18 U.S.C. § 3553(b)(2) and risk "unwarranted sentence disparities" under 18 U.S.C. § 3553(a)(6). As the "Guidelines range 'anchor[s]' the sentencing proceeding" and is "the benchmark" for selecting an appropriate sentence, §§ 3553(a)(3), (4) and (6) do not support reducing Defendant's sentence. Concepcion, 597 U.S. at 498 n.6 (alteration in original) (quoting Peugh v. United States, 569 U.S. 530, 541 (2013)).

For the foregoing reasons, and in consideration of the remaining § 3553(a) sentencing factors, Defendant's sentence remains "sufficient, but not greater than necessary," to achieve the objectives of 18 U.S.C. § 3553(a).

## V. CONCLUSION

Defendant has not shown "extraordinary and compelling" circumstances to justify compassionate release, nor has he shown justification for compassionate release under the factors of 18 U.S.C. § 3553(a). In sum, no legal or factual basis currently

---

[21] See supra notes 2, 14 and accompanying text.

27

warrants a sentence reduction. Accordingly, Defendant's "Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) and Section 403 of the First Step Act of 2018[] with the Intervening Law and Rule in the Categorical Approach," ECF No. 71, is **DENIED**.[22] The Judgment entered on May 31, 2016, ECF No. 37, remains in full force and effect.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Defendant, the United States Attorney at Norfolk, and the Bureau of Prisons.[23]

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge
_____
REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

February 24, 2026

---

[22] The court construed this Motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 82 at 1 n.2; see supra note 1 and accompanying text.

[23] An Index is attached as Exhibit A for reference purposes and incorporated as part of this Opinion and Order.

## EXHIBIT A

### INDEX

I. PROCEDURAL HISTORY ........................................... 2

  A. Background.................................................. 2

  B. Motion for Compassionate Release......................... 8

II. EX PARTE MOTION FOR APPOINTMENT OF COUNSEL ............... 11

III. EXHAUSTION ................................................ 13

IV. MERITS ..................................................... 14

  A. Extraordinary and Compelling Reasons..................... 15

    1. Unusually Long Sentence ............................... 16
    2. Excessively Long or Harsh Sentence .................... 18
    3. Application of Flawed Sentencing Guideline ............ 20
    4. Misapplication of Sentencing Factors .................. 20
    5. Rehabilitation ........................................ 21
    6. Improper Offense Level Adjustments .................... 22
    7. Improper Criminal History Category Calculation ........ 22

  B. Sentencing Factors....................................... 23

V. CONCLUSION .................................................. 27